IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAROLE DENISE BURTON, § | | |
| FDC #03618-180, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-1824 |
| § | | |
| OFFICER A. COLLIER, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Karole Denise Burton (FDC #03618-180), a prisoner in custody of the United States Bureau of Prisons, has filed this lawsuit under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of her civil rights.[1] Burton proceeds *pro se* and she has been granted leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be dismissed for reasons set forth below.

I.  **BACKGROUND**

Burton is presently in custody pursuant to a conviction that was entered against her on February 9, 2004, for theft of government property. *See United States v. Burton*, Criminal No. 5:03-cr-590 (W.D. Tex.). Court records show that Burton pled guilty in that case and received a sentence of six months of imprisonment followed by one year of supervised

---

[1] The complaint relies solely on 42 U.S.C. § 1983, which provides a mechanism for individuals to file a civil rights suit in federal court against "state" actors. Because the defendants are federal officials, however, *Bivens* governs this suit.

release. Burton served her term of imprisonment at the Federal Detention Center ("FDC") in Houston, Texas, and she was reportedly released on or about September 17, 2004. In June of 2005, however, Burton's supervised release was revoked. As a result, the district court sentenced Burton to serve 12 months in prison. Burton remains in custody at the FDC in Houston.

Burton's pending civil rights complaint is dated May 20, 2006. Her primary complaint concerns an incident that occurred during her initial term of imprisonment at the FDC in May of 2004. Burton complains that Officer A. Collier used excessive force against her following a "verbal confrontation" on May 28, 2004. Burton complains further that Officer Winston-Rose stood by and did nothing to stop the assault. The assault allegedly occurred after Burton refused orders to move to disciplinary segregation after she was charged with insolent behavior. Burton, who concedes that she was "verbally abusive and insolent toward Officer Collier," admits that she was convicted of violating prison disciplinary rules as a result of this incident. Exhibits attached to the complaint reflect that Burton was convicted of insolence and failing to obey a direct order as well as assaulting Officer Collier in connection with the incident that forms the basis of her complaint. In addition to her claim of excessive force, Burton adds a claim that Health Services Administrator Michael Winklemeier was deliberately indifferent to her need for medical treatment following the altercation with Officer Collier.

Burton seeks monetary damages for physical, mental, and emotional pain and suffering. The Court concludes, however, that this case must be dismissed because it is

evident that Burton failed to exhaust administrative remedies prior to filing suit in federal court.

## II. STANDARD OF REVIEW

The plaintiff is a prisoner who proceeds *in forma pauperis*. Thus, this proceeding is governed by the Prison Litigation Reform Act (the "PLRA"), which requires the district court to scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

## III. DISCUSSION

The present complaint fails to state a claim upon which relief can be granted because the plaintiff has failed to exhaust administrative remedies as required by the PLRA. Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all*

administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). It is established that federal prisoners suing under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), must first exhaust administrative procedures prior to filing suit just as state inmates who sue under 42 U.S.C. § 1983. *See Nussle*, 534 U.S. at 524.

The administrative remedies available Burton while she was incarcerated in the United States Bureau of Prisons are set out at 28 C.F.R. § 542, Subpart B (Administrative Remedy Program) (2004). Under this framework, the Bureau has established a three-tiered Administrative Remedy Program whereby an inmate may progressively redress grievances at the institutional, regional, and central or national levels. *See* 28 C.F.R. §§ 542.13 – 542.15 (providing that an inmate "shall" first attempt informal resolution before filing an initial "formal written Administrative Remedy Request" at the institutional level, followed by appeals to the regional director and then to the General Counsel if the inmate is not satisfied with the response). Burton concedes that she did not complete the administrative grievance process afforded by the United States Bureau of Prisons. (Docket Entry No. 1, *Complaint*, at 2-3). Burton, who was released in September of 2004, claims that she did not complete the exhaustion process because she was no longer in custody. Exhibits attached to the

complaint tell a different story.[2]

Exhibits presented by Burton show that she submitted her initial filing at the institutional level on June 9, 2004, shortly after the alleged use of excessive force occurred on May 28, 2004. Notably, the initial filing is devoted entirely to Burton's claim that Officer Collier used excessive force that resulted in physical injury. This initial filing makes no mention of any wrongdoing on the part of Officer Winston-Rose or of any specific instance of indifference displayed by health care worker Michael Winklemeier.

The warden responded to Burton's initial filing on June 14, 2004, finding that her allegations of staff misconduct were "unsubstantiated." Burton filed an appeal at the regional level on June 24, 2004. The appeal clearly raises multiple issues that were not presented in the initial grievance. Burton's appeal was rejected on July 12, 2004, for failure to comply with several procedural requirements. Burton did not re-submit her regional appeal within the time allowed and she did not otherwise pursue her administrative remedies to completion at the national level. *See* 28 C.F.R. § 542.17(b). Although Burton complains that she did not receive the rejection notice in time to prepare an adequate response, she could have appealed the rejection or sought additional time to correct the defect and resubmit under administrative processes that were available. *See* 28 C.F.R. § 542.17(c) ("When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level.").

---

[2]  Exhibits attached to the complaint are part of the complaint "for all purposes." FED. R. CIV. P. 10(c).

As noted above, Burton did not present her claims against Officer Winston-Rose and Winklemeier in compliance with administrative procedures because the facts alleged in support of those claims were not presented to prison officials at the institutional level in her initial filing. Although the initial filing does allege mistreatment by Officer Collier, Burton's regional appeal was rejected because she failed to comply with procedural requirements at that level of administrative review. Thus, the pleadings and the attached exhibits show that Burton did not comply with administrative procedures and that she did not complete the process that was available following the incident that forms the basis of her complaint.

In a recent decision, the Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules.[3] Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. By failing to properly exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by Congress when it enacted the PLRA. *See id.*, 126 S. Ct. at 2387 (noting that the exhaustion requirement found in the PLRA attempts to eliminate unwarranted federal-court interference with the

---

[3] Citing the importance of promoting efficiency at the administrative level, the Supreme Court observed that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, — U.S. at —, 126 S. Ct. at 2386.

administration of prisons by affording corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case and that the PLRA was also intended to reduce the quantity and improve the quality of prisoner suits) (citations omitted). Because it is evident from the pleadings that Burton failed to properly exhaust her administrative remedies before filing suit in federal court, her complaint must be dismissed for lack of compliance with § 1997e(a).

IV.     **CONCLUSION AND ORDER**

Accordingly, based on the foregoing, the Court **ORDERS** that the complaint is **DISMISSED** for failure to exhaust administrative remedies.

**The Clerk shall provide a copy of this order to the parties and to the United States Bureau of Prisons, Federal Detention Center, Attn: Legal Department, P.O. Box 526245, 1200 Texas Avenue, Houston, Texas 77052-6245.**

SIGNED at Houston, Texas, on **July 17, 2006.**

Nancy F. Atlas
United States District Judge